UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAXIMINA BALADRON,

    Plaintiff,

v.                                CASE No. 8:05-CV-1205-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____ :

## O R D E R

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[*] Because the decision of the Commissioner of Social Security fails adequately to treat the plaintiff's allegation of a mental impairment, the decision will be reversed and the matter remanded for further proceedings.

---

[*]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

I.

The plaintiff, who was fifty-three years old at the time of the administrative hearing, has an eighth grade education (Tr. 62) and speaks limited English. The plaintiff has worked as a packaging supervisor, machine tender, and housekeeper (Tr. 227). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to a back problem and sleep apnea (Tr. 56). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of obesity with lumbar disc bulging, cervical spine herniated disc, and sleep apnea. (Tr. 26). He concluded that these impairments limited the plaintiff to light work with occasional climbing, balancing, stooping, kneeling, crouching, and crawling, but no climbing of ladders, scaffolds, or ropes (id.). He also found the plaintiff should avoid unprotected heights, should not perform data analysis, and is limited to active manual tasks (id.). The law judge determined that these restrictions did not prevent the plaintiff from returning to past work as a machine tender

or housekeeper (id.). Accordingly, the law judge decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42

U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision on two grounds. First, she alleges that the law judge failed to consider the combined effect of all the plaintiff's impairments (Doc 15, p. 12). The plaintiff argues also that the law judge did not properly assess the plaintiff's residual functional capacity (id. at p. 16). These contentions are related since the failure to consider the effects of an impairment could well affect the determination of the plaintiff's residual functional capacity.

On the plaintiff's first point, she focuses on the following determination (Tr. 25):

> With respect to the claimant's alleged depression, the record does not reflect any significant mental dysfunction significantly limiting daily activities, social functioning, or concentration, persistence or pace. She seeks no treatment for her alleged depression. At the hearing she was alert and understood and answered all questions appropriately and without an interpreter. Thus[,] the undersigned finds that the claimant has no medically determinable mental impairment, much less at a severe level.

However, the record does contain evidence of a mental impairment.

The plaintiff testified at the hearing that she was still suffering from depression, was always crying, and had stopped taking her medication due to lack of insurance (Tr. 275-76). Supporting that testimony was a psychiatric evaluation of the plaintiff performed six months prior to the

hearing (Tr. 237-42). The evaluation indicated that, among other things, the plaintiff's mood was depressed, with a tearful affect, and that she had auditory and visual hallucinations (Tr. 240). Moreover, the plaintiff was given a Global Assessment Functioning ("GAF") score of 40/40 (id.). A GAF score of 40 indicates:

> Some impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) OR major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g. depressed man avoids friends, neglects family, and is unable to work; child frequently beats up younger children, is defiant at home, and is failing at school).

Diagnostic and Statistical Manual of Mental Disorders, American Psychiatric Ass'n, 32 (4th ed. 2000) (DSM-IV). As the plaintiff correctly points out, a GAF of 40 reflects more than a serious impairment.

The law judge mentions the psychiatric evaluation in his summary of the evidence and notes the diagnostic impression of major depression, single episode (Tr. 23). However, he does not acknowledge the findings of auditory and visual hallucinations, or the GAF rating of 40 (Tr. 240). In light of these findings, it is not accurate to say that "the record does not reflect any significant mental dysfunction significantly limiting daily activities, social functioning or concentration, persistence or pace" (Tr. 25).

Moreover, findings of a GAF of 40 and hallucinations cannot be reasonably discounted merely on the basis that "[a]t the hearing [the plaintiff] was alert and understood and answered all questions appropriately" (id.). Furthermore, the deficiency in the law judge's decision cannot be remedied by the post hoc arguments of litigating counsel. Motor Vehicle Manufacturers Association of the United States, Inc. v. State Farm Mutual Automobile Insurance Co., 463 U.S. 29, 50 (1983).

In all events, even if the psychological evaluation is discounted for the reasons asserted in the Commissioner's memorandum, the evaluation at least raises questions about the plaintiff's mental status. The presence of such questions is supported further by the indication from an examining doctor that the plaintiff was "[p]ositive for depression and anxiety" (Tr. 223). Under the circumstances, the law judge, as the plaintiff points out, could have sent the plaintiff for a consultative psychiatric or psychological examination. In other words, even if the psychological evaluation is not sufficiently persuasive to establish that the plaintiff has a significant mental impairment, at a minimum it creates an issue about her mental status that should have been explored by a consultative mental examination. 20 C.F.R. 404.1519a, 416.919a. The failure to obtain such an examination warrants a remand. See

Ford v. Secretary of Health and Human Services, 654 F.2d 66 (5th Cir. 1981); see also McCall v. Bowen, 846 F.2d 1317 (11th Cir. 1988).

       The plaintiff also raises challenges to the law judge's handling of other allegations of impairments. For the most part, they are not persuasive, and, in light of the conclusion that a remand is required, they need not be resolved. Nevertheless, two of the contentions warrant discussion so that they can be addressed further on remand.

       The plaintiff argues that, while the law judge found the plaintiff to be obese, he did not find any limitations from that impairment in the plaintiff's ability to sit, stand, walk, bend, stoop, crouch or balance (Doc. 15, p. 12). Moreover, the law judge found the plaintiff to have severe back impairments.

       The plaintiff, who was fifty-three at the time of the hearing, is 5' 3" and weighs about 280 pounds (Tr. 269). It is hard to believe that the plaintiff is capable of performing a job that requires her to stand and walk for six hours each workday and to occasionally climb, balance, crouch, or crawl.

       On the other hand, the law judge's findings are supported by the opinions of two non-examining reviewing physicians and are not contradicted by any specific medical opinions. If, on remand, the plaintiff wishes to

challenge the law judge's findings concerning the plaintiff's physical residual functional capacity, she has the burden of coming forward with medical opinion evidence that contradicts those findings. See Ellison v. Barnhart, 355 F.3d 1272 (11th Cir. 2003).

The same is true of the plaintiff's complaint that the law judge should have included restrictions on exposure to dust, fumes or pulmonary irritants (Doc. 15, p. 13). However, the plaintiff testified that she had no problems with shortness of breath (Tr. 276), and she continues to smoke cigarettes. Therefore, any allegation of a need for environment limitations should be supported by specific medical opinion.

IV.

It is, therefore, upon consideration

Ordered:

That the decision of the Commissioner is hereby REVERSED and the matter is REMANDED for further consideration. The Clerk shall enter judgment in accordance with this Order and close the case.

DONE and ORDERED at Tampa, Florida, this 15th day of September, 2006.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE